UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOYCE SIMMONS,

        Petitioner,

   v.

W. Z. JENKINS,

        Respondent.

Case No. 18-cv-05140-VC (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE; DENYING CERTIFICATE OF APPEALABILITY**

    Federal prisoner Joyce Simmons, incarcerated at the Federal Correctional Institute in Dublin, California, has filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. The Court has not received receipt of payment of the $5.00 filing fee, but Simmons claims to have paid it. Because this case is dismissed, the Court does not require Simmons to submit proof of payment or to file an in forma pauperis application.

    The petition alleges that the denial of hair dressing and/or hair lubricant for inmates with coarse, kinky and wool-like hair causes hair breakage, damage to the hair, bald spots, sores to the scalp and is inhumane treatment. Simmons seeks an injunction directing the warden to issue hair dressing or lubricant to inmates with coarse, kinky and wool-like hair or to make these hair products available for purchase in the prison commissary.

    Under § 2241, habeas relief is available to a federal prisoner if he or she can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1) & (3). Simmons is not challenging the fact or duration of her confinement but is challenging the conditions of her confinement. Claims regarding conditions of confinement are properly brought in a civil rights action, not a habeas proceeding. *See Bivens v. Six Unknown*

*Federal Narcotics Agents*, 403 U.S. 388 (1971); *see also Greenhill v. Lappin*, 376 Fed. Appx. 757, 757 (9th Cir. 2010) (appropriate remedy for federal prisoner's conditions of confinement claims lies in a civil rights action under *Bivens*); *Evans v. United States Penitentiary*, 2007 WL 4212339 at *1 (E.D. Cal. Nov 27, 2007) (no habeas relief under § 2241 for claim of inadequate medical care which concerns conditions of confinement).

## CONCLUSION

Based on the foregoing, this case is dismissed without prejudice to filing a *Bivens* civil rights action. If Simmons files a *Bivens* action, she will be required to complete an in forma pauperis application or to pay the $350 filing fee for civil actions.

Because reasonable jurists would not find the result debatable, a certificate of appealability is denied. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Clerk is directed to issue a separate judgment and close the file.

**IT IS SO ORDERED.**

Dated: November 14, 2018

_____
VINCE CHHABRIA
United States District Judge